## MICHAEL MOORE *v.* F. H. KNAPP.

The judgment homologating a sale under a monition, may be appealed from, even where
the appellant did not appear or show cause in answer to the monition.
The 6th section of the act of 10th March, 1834, prescribing the effect of a judgment on a
monition, contemplates a judgment which has not been appealed from, and has thus
become irrevocable.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*Durant* and *Hornor*, for appellee. *John Finney* and *C. Roselius*, for defen-
dant. The judgment of the court *(Eustis*, C. J., absent,) was pronounced by
SLIDELL, J. This is an appeal taken by the defendant, from a judgment
confirming a judicial sale, in a proceeding by monition under the act of 10th of
March, 1834, p. 125.

The defendant did not appear and show cause in the court below, against the
prayer of the monition. It is said by the appellee that, in such a case, the
judgment of the district court is final and conclusive, and cannot be made the
subject of an appeal. Before expressing our opinion upon this point, it is proper
to recur to the language of the statute.

MOORE
v.
KNAPP.

The statute, as its title imports, was framed with a view to "the further' assurance of titles to purchasers at judicial sales." By its second section, it authorizes the purchaser to publish, by newspaper, a monition, calling on all persons who can set up any right to the property, in consequence of informality, &c., &c., to show cause, within thirty days, &c., why the sale should not be confirmed. By section third, it is enacted, that the monition shall state the judicial authority under which the sale took place, and shall also contain the same description of the property purchased, as that given in the judicial conveyance to the buyer; and shall further declare, the price at which the object was bought. By the fifth section, it is enacted, that on the expiration of the thirty days, the party obtaining the monition may apply to the judge of the court, out of which the monition issued, to confirm and homologate the sale. And it shall be the duty of the judge, in case no cause is shown against the prayer of the monition, to homologate and confirm the judicial sale in question : provided, always, that before he does so confirm it, he shall be fully satisfied that the advertisements have been inserted in the newspapers as already directed, and that the property has been correctly described, and the price at which it was purchased, truly stated; but in case opposition be made to the homologation, and it should appear that the sale was made contrary to law, it shall then be the duty of the judge to annul it; otherwise to confirm, as in case no opposition was made. In the sixth section, it is enacted, that the judgment of the court on the monition aforesaid, shall be, in itself, conclusive evidence that the monition has been regularly made and duly advertised, nor shall any evidence be received to contradict the same, or to prove any irregularity in the procedure. By the seventh section, the judgment of confirmation shall bar minors, absentees, &c.

It will be observed, that in cases where no one shows cause against the prayer of the monition, the judge is commanded, by the statute, to direct his attention to three inquiries : Have the advertisements been inserted in the newspapers? Has the property been correctly described? Has the price at which it was purchased, been truly stated? Before he can lawfully decree the confirmation of the sale, he must be fully satisfied that those things have been done; and how is he to be satisfied of those facts? Certainly, as in other cases, by evidence— *il sara prouvé a sa satisfaction*, says the French text. The judge is, therefore, placed in the same position as in any other matter of judicial action. He is to receive evidence, consider its sufficiency and effect, and having applied his judicial reason to the subject matter, decide the case presented. In the performance of this judicial duty, the judge may err; and when it is considered that the decree is not interlocutory, but final, and that it acts definitively upon rights of property, it would be a strange anomaly if such a decree should be taken out of the ordinary catigory, and, unlike other final judgments, be irremediable by appeal. Such a construction of the statute, would involve a violation of the former Constitution, which gave the right of appeal in terms substantially the same, so far as the present question is involved, as are found in the existing Constitution.

In construing, therefore, the sixth section of the statute upon which alone the appellee rests his motion to dismiss the appeal, we must so interpret it, if possible, as not to bring the lawgiver into conflict with the Constitution; and there is no difficulty in doing this. The reason of the provision found in that section, was probably this: The proceeding, under the statute, was by monition;

the constructive notice, by newspaper publication, was substituted for the ordinary remedy of personal notice by citation. In the latter case, the evidence of service, whereby the court has acquired its jurisdiction over the person of the defendant, is a matter of judicial record, the sheriff's return. But the newspaper, which is the vehicle of constructive notice in monition cases, is a transient and unsafe memorial; and as no judgment is valid without notice, actual or constructive, to the party affected by it, the Legislature thought fit to cut off the future discussion which might arise as to the fact of publication, when the means of proving it might have disappeared. The judgment, therefore, says the statute, shall be, in itself, conclusive evidence that the monition has been regularly made and duly advertised. No one shall afterwards be permitted to attack the judgment as a nullity on the ground, that the indispensable basis of jurisdiction, notice actual or constructive, did not exist. But when is the judgment really a conclusive judgment in legal contemplation? Only when it has become irrevocably final. So long as it is open to appeal, its conclusiveness upon the right of parties is *inchoate* only.

Being therefore of opinion, that the sufficiency of the evidence upon which the judgment was rendered, may be considered by this court, we have to inquire whether the proof adduced before the district judge, conformed to the requisitions of the proviso contained in the fifth section. It should appear, from this evidence, that the advertisements have been inserted in the newspapers as in the statute directed; that the property has been correctly described, and the price at which it was purchased, truly stated.

Now, it appears from the statement of facts, that the evidence submitted to the district judge, consisted of: 1st, the affidavit of *J. S. Baron*, concerning the publication of the monition; 2d, the record of the suit of *Moore* v. *Knapp*, No. 4359 of the docket of the district court.

*Baron's* deposition does not show whether the description of the property, contained in the monition, corresponded with the description in the sheriff's sale. Nor did the record of the suit of *Moore* v. *Knapp*, as it existed at the time of the trial, show that fact.

The sheriff's return of the writ of *fieri facias*, was not then part of the record. It was not made until some months afterwards. It bears date four months after the signing of the judgment of confirmation.

The sheriff's deed was, at the time, copied in the deed book, kept in the clerk's office, pursuant to the 697th and following articles of the Code of Practice. But we do not consider that enrollment, as forming part of the record of *Moore* v. *Knapp*. The evidence, therefore, presented to the district judge was insufficient.

In what we have hitherto said, we have assumed that the clause of the fifth section, which requires that the judge shall be fully satisfied that the property has been correctly described, means that he shall be fully satisfied that the monition described the property as it was described in the sheriff's sale. This is claimed, as the true construction, by the counsel for the plaintiff, and by one of the counsel for the defendant. But if we adopt the only other construction, of which the clause is susceptible, to wit, that the judge must be satisfied that the property was correctly described in the sheriff's proceedings, the advertisement, adjudication, &c., the result is equally fatal to the appellee. The sheriff's advertisement and the adjudication were defective in this; they described the property sold, as the interest of *Knapp*, in three judgments obtained in the name of

MOORE
*v.*
KNAPP.

*Paradise, Lawrason & Co.* against certain defendants, without stating, in any degree, the nature, extent, or proportions of *Knapp's* interest. This omission was calculated to cause a sacrifice of the defendant's property, by leaving bidders in uncertainty as to the nature and value of that which was sold, and was the less excusable, on the part of the plaintiff in execution, because, by the answers of persons whom he had garnisheed, he had been informed by the relations existing between *Knapp* and *Paradise, Lawrason & Co.*, in whose name the judgments were recovered.

Our views on the subject of advertisements in judicial sales, have been given on several occasions, and need not be reiterated here. See *McGary* v. *Dunn*, 1st Ann. 338. *Benite* v. *Maurain*, 5th Ann. 133. *Gales* v. *Christy*, 4th Ann. 293,

It is therefore decreed, that the judgment of the district court be reversed, and that the matter of monition be remanded; the costs of the appeal to be paid by the appellee.